## BUCKLEY v. SOUTHWESTERN NAT. BANK et al.

### No. 6135.

Circuit Court of Appeals, Third Circuit.

Feb. 16, 1937.

———◆———

Samuel J. Gottesfeld and Maurice Rose, both of Philadelphia, Pa., for appellant.

Yale L. Schekter, Cuthbert H. Latta, Jr., and MacCoy, Brittain, Evans & Lewis, all of Philadelphia, Pa., for appellees.

Before BUFFINGTON and THOMPSON, Circuit Judges, and MARIS, District Judge.

THOMPSON, Circuit Judge.

This is an appeal from a judgment of the District Court for the Eastern District of Pennsylvania. The appellant brought an action by writ of scire facias sur mortgage for the foreclosure of a mortgage on premises owned by the Southwestern National Bank, one of the appellees. The learned trial judge directed a verdict for the bank and its receiver and also submitted interrogatories to the jury for special findings. The interrogatories and the special findings supplementary and in answer thereto were as follows:

Question 1: "Was the defendant Bank insolvent on March 2, 1933, the date of execution of the mortgage in suit in the sense of having committed acts of insol-vency on and before March 2, 1933?" Answer: "Yes."

Question 2: "Was the Bank on the date mentioned in contemplation of bankruptcy in the sense that it was reasonably apparent to its managers that the Bank was not presently able to meet its obligation in the ordinary course of demand and payment?" Answer: "Yes."

Question 3: "Was the mortgage in suit executed and delivered with the intent and purpose to secure to John J. Buckley, the mortgagee, the payment of the moneys which he had on deposit with the Bank?" Answer: "Yes."

Judgment was entered on the verdict and special findings. We have no doubt as to the power of the trial court to interrogate the jury and have it specialize the verdict and state on what issues it is based, and to act upon its findings. Walker v. New Mexico & Southern Pacific Railroad, 165 U.S. 593, 17 S. Ct. 421, 41 L.Ed. 837; Rockefeller v. Wedge, 149 F. 130 (C.C.A.3). A judgment entered upon such findings of a jury made in response to interrogatories is valid. Victor-American Fuel Co. v. Peccarich (C.C.A.) 209 F. 568, certiorari denied 232 U.S. 727, 34 S.Ct. 603, 58 L.Ed. 817.

In Abraham Fur Co. v. Cameron et al., 295 Pa. 408, 418, 145 A. 578, 582, Mr. Justice Schaffer thus succinctly states the advantage of the practice: "In this connection we think it proper to state that we look with strong favor upon special findings by juries. They throw clear light upon controverted questions and greatly aid just determinations both in courts of first instance and upon appeal. Wherever there are controlling questions in a cause, they should be submitted for the jury's answer in addition to the general finding. If this be done, much of the criticism of trial by jury will cease."

The third special finding is to the effect that the mortgage was executed and delivered to the bank with the intent and purpose to secure to the mortgagee the payment of the moneys he had on deposit with the bank. This finding brings the case squarely within the ruling of the Supreme Court that a national bank lacks power to pledge its assets to secure a private deposit and that such a pledge is void. Texas & Pacific Ry. v. Pottorff, 291 U.S. 245, 54 S.Ct. 416, 78 L.Ed. 777.

This special finding compelled and justified the entry of judgment for the defendants, the appellees herein.

The judgment of the court below is affirmed.